180      357
26 SC    431

# Lydia Bitting *v.* The Township of Maxatawny, Appellant.[1]

*Negligence—Contributory negligence—Bridge—Proximate and remote cause—Propensity of horse to take fright—Question for jury.*

In an action against a township to recover damages for the death of plaintiff's husband, it appeared that on the night of the accident the deceased drove over a township bridge at a trot, holding the reins in his right hand, and a lighted lantern in his left, behind the dashboard.  When the hind wheels of the wagon were about six feet beyond the bridge, the horse stopped, and the deceased extended his left hand with the lantern beyond the dashboard, flashing the light ahead; the horse immediately backed upon and over the unguarded side of the bridge.  The bridge was nineteen feet wide, twenty-six feet long and four feet six inches above the water.  It was unprovided with guard rails.  There was evidence that the deceased knew the road, and that the horse had an aggravated propensity to take fright, and that this was known to the deceased.  *Held*, that the case was for the jury.

Argued March 2, 1897.  Appeal, No. 597, Jan. T., 1896, by defendant, from judgment of C. P. Berks Co., May T., 1895,

---

[1] See 177 Pa. 213.

No. 87, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before END-LICH, J.

At the trial it appeared that on the evening of November 22, 1894, the deceased was killed at a bridge belonging to the defendant township. The bridge was about nineteen feet in width and twenty-six in length. It crossed a mill-race sixteen feet wide. From the top of the bridge to the bottom of the stream was about four feet six inches. On the night of the accident the deceased drove over the bridge at a trot, holding the reins in his right hand, and in his left, behind the dashboard, a lighted lantern. When the hind wheels of the wagon were about six feet beyond the bridge, the horse stopped, and the deceased extended his left hand with the lantern beyond the dashboard, flashing the light ahead, and immediately the horse backed upon and over the unguarded side of the bridge. There was evidence that the deceased knew the road and that he also knew that the horse had an aggravated propensity to take fright.

Defendant's point and answer thereto were as follows:

9. Under all the evidence the verdict must be for the defendant. *Answer:* Declined.

Verdict and judgment for plaintiff for $3,833. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*C. H. Ruhl,* of *Ermentrout & Ruhl,* with him *D. Nicholas Schaeffer,* for appellant.—When the facts are undisputed, and but one inference regarding the negligence of the deceased can be drawn from them, the question is one of law for the court: West Mahanoy Twp. v. Watson, 116 Pa. 344; Butler v. Gettysburg R. R., 126 Pa. 160; Wilson v. Penna. R. R., 177 Pa. 512; 4 Am. & Eng. Ency. of Law, 94; Reddington v. Phila. Traction Co., 132 Pa. 154.

A person who knows of a dangerous defect in a street or bridge, and yet attempts to pass it, when on account of darkness he cannot see so as to avoid it, takes the risk upon him-

self: Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Penna. R. R. v. Beale, 73 Pa. 509. A person who knows the dangerous character of a bridge, and voluntarily goes upon it, when he could have avoided it by taking another road, is guilty of contributory negligence: Hill v. Tionesta Twp., 146 Pa. 11; Haven v. Pittsburg, etc., Bridge Co., 151 Pa. 620; Smith v. City of New Castle, 178 Pa. 298.

*J. H. Jacobs* and *H. P. Keiser*, for appellee, cited, Pittston Borough v. Hart, 89 Pa. 389; Sturgis v. Kountz, 165 Pa. 358; Hey v. Phila., 81 Pa. 44; Alger v. City of Lowell, 3 Allen, 402; Norris v. Litchfield, 35 N. H. 271; City of Joliet v. Verley, 35 Ill. 58; Moulton v. Sanford, 51 Me. 134; Yoders v. Amwell Twp. 172 Pa. 447; Scott Twp. v. Montgomery, 95 Pa. 444; Phila. Trust Co. v. Phila. & Erie R. R., 160 Pa. 590; Bunting v. Hogsett, 139 Pa. 363.

, PER CURIAM, March, 15 1897: .

. The only assignment of error in this case is the refusal of the court below to direct a verdict in favor of defendant. When the case was here last year on plaintiff's appeal from the refusal of the court to take off the judgment of nonsuit, we held that the evidence adduced on the former trial was sufficient to carry the case to a jury, and the judgment was accordingly reversed with a procedendo. While the evidence on the last. may have differed slightly from that on the first trial, there does not appear to be any such difference as would have justified the court in entering a judgment of nonsuit on the last trial. The learned trial court evidently thought so, and the case was accordingly tried on the lines indicated in the opinion referred to, 177 Pa. 213. We think, moreover, that this case is ruled, in principle at least, by Yoders v. Amwell Township, 172 Pa. 447. There is nothing in the specification of error that calls for further comment.

Judgment affirmed.