Charles E. Cage *v.* The Township of Franklin, Appellant.

*Proximate cause—Peculiar facts.*

Proximate cause is always difficult of ascertainment and each case is
governed by its own peculiar facts.    The injury must be the natural and
probable consequences of the negligence, such a consequence as under
the surrounding circumstances of the case might and ought to have been
foreseen by the wrongdoer, as likely to flow from his act.

The mere fact that a horse has passed safely over and a very few feet
beyond a dangerous and negligently guarded bridge, then without fault
of the driver backs on and off it, does not of itself warrant the court in
declaring as matter of law that the negligence of the defendant was the
remote cause of the injury, as the negligence may be the proximate cause.

*Negligence—Bridges—Proximate cause—Terrified horse.*

Township authorities are bound to know that the fright of a horse is an
ordinary circumstance, and to be expected, and that his conduct when in
fright may be unreasoning, insane, unlooked for, and they cannot excuse
their negligence in failing properly to guard a bridge by asserting that
they could not foresee the particular freak of conduct in a terrified
horse.    Yoders v. Amwell Township, 172 Pa. 447, followed.

Argued April 20, 1898.    Appeal, No. 185, April T., 1898,
by defendant, from judgment of C. P. Greene Co., April T., 1896,
No. 233, on verdict for plaintiff.    Before RICE, P. J., WICK-

HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.    RICE, P. J., and BEAVER, J., dissent.

Trespass.    Before CRAWFORD, P. J.

On the trial of the case there was evidence tending to show that on the 24th day September, 1895, Charles E. Cage, the plaintiff, (a liveryman of Waynesburg, Pa.) hired a horse and buggy to George Hickey, who intended to drive his wife and child to Brownsville in Fayette county.    They left Waynesburg about 1 o'clock, P. M., and on reaching a small bridge about two miles east of Waynesburg, in Franklin township, where the public road, once a turnpike, crosses a small stream, and attempting to cross the bridge the horse balked and backed off the bridge on to the road and over the side of the road.    Hickey and his wife and child got out of the buggy, and Hickey took hold of the bridle and led the horse across the bridge and seventy feet beyond it, when the horse again balked and commenced to back, and although the driver had hold of the bridle, and was trying to prevent the horse from backing, yet it did back a distance of seventy (70) feet, as far as, and over the wing wall of the bridge, the driver still endeavoring to stop him and to prevent him from backing.    The plaintiff claimed that in the fall the horse, harness and buggy were injured and broken, and that the accident was wholly caused by the negligence of the township in not having a guard rail or barrier on the wing wall of the bridge.

The defendant claimed the accident was brought about by the balking and backing of the horse.

Verdict and judgment for plaintiff for $31.25.    Defendant appealed.

*Errors assigned* among others were (1) in admitting testimony for the plaintiff, as follows: By a number of witnesses that there was an old abandoned coal bank above the road near the place where the accident happened, at which horses might take fright.    Defendant objects because the township was not responsible for the existence and presence of said coal bank near the highway.    (2) In admitting testimony for the plaintiff as follows: By a number of witnesses that a horse belonging to, and driven by, E. L. Denny had at one time taken fright at an

object in the highway near the place of the accident.   Defendant objects for the reason that the township was not responsible for presence of said object in the highway, and because the evidence is irrelevant and immaterial.   Objection overruled and exceptions sealed for the defendant.   (10) In refusing defendant's first point, which point is as follows: " 1.  To render a township liable for an injury by a defect in the highway it must have been the sole efficient cause of the injury, and if the jury find from the evidence that the accident to plaintiff's horse was caused by the uncontrollable struggle or backing of a balking horse, or from this cause concurring with a defect in the highway, then their verdict must be for the defendant."   (11) In refusing defendant's second point, which point is as follows: " 2.  If the jury find from the evidence that the plaintiff's horse, when at a distance of seventy (70) feet or more from the place of the accident, balked and became uncontrollable and backed for a distance of seventy (70) feet before it came to the place of the accident, and if they further find that the horse would not have fallen over the bank or edge of the road but for the balking and backing, then the plaintiff cannot recover, and the verdict of the jury must be for the defendant."   (13) In refusing defendant's fourth point, which point is as follows: " 4.  If the jury believe from the evidence that had it not been for the balking and backing of the horse, or either of these after the driver had safely passed along and over the highway, at the place where the injury happened, that the accident would not have occurred, then their verdict must be for the defendant."   (14) In refusing defendant's fifth point, which point and answer are as follows: " 5.  If the jury find from the evidence that the proximate cause of the injury was the backing of the plaintiff's horse, and that the backing was not caused by any defect in the highway, or by any neglect of duty on the part of the road commissioners, then their verdict must be for the defendant.   *Answer:* We answer that point in this way.   We will submit to you to determine what was the proximate cause of the accident—whether the negligence of the plaintiff here, or conduct of the horse or condition of the bridge there, through the neglect of the township authorities."   (15) Declining to give binding instructions for defendant.

*James Inghram*, for appellant.—To render a township liable
for an injury by a defect in the highway, it must have been the
sole efficient cause of the injury : Chartiers Twp. v. Phillipps,
122 Pa. 601; Shaeffer v. Jackson Twp., 150 Pa. 145.

The point should have been affirmed : Shaeffer v. Jackson
Twp., 150 Pa. 145.

The absence of the barrier was the remote cause of the in-
jury.     It did not bring about or help bring about the acci-
dent, although it made its consequences more serious : Herr
v. Lebanon, 149 Pa. 222.

Now, even admitting that the wing wall was without a guard
rail or barrier, still the horse had passed this point in the road,
and was some distance beyond it, and if he had gone on, or had
acted as horses are expected to act, the accident would not have
happened : Herr v. Lebanon, 149 Pa. 222; Titus v. North-
bridge, 97 Mass. 258; Horton v. Taunton City, 97 Mass. 266.

The duty is to make provision against such dangers as are
probable in the use of ordinarily manageable horses, and not
in the use of such as are untrained or uncontrollable : Trex-
ler v. Greenwich Twp., 168 Pa. 214.

The first point submitted by the defendant, which was re-
fused by the court below, is almost precisely the same as the
point presented in the case of Chartiers Township v. Phillips,
122 Pa. 601.

*R. F. Downey*, for appellee.—They are bound to erect walls
or barriers along the side of roads when they are unsafe : Scott
v. Montgomery, 95 Pa. 444 ; Aston v. McClure, 102 Pa. 322.
And it was held in Lower Macungie Township v. Merkhoffer,
71 Pa. 276, that it must be kept in such repair that even a skit-
tish animal may be employed without risk.

The first assignment of error alleges error in the court in
admitting evidence of the existence of an old coal bank in the
road at this point and at which a horse might take fright.
This alleged error is not properly assigned.     It does not give
the offer of the evidence, nor the objection of counsel thereto,
nor the ruling of the court, " quoted totidem verbis."     We
cannot understand how counsel could assign such for error.

This assignment must be dismissed as the court will not con-
sider it : Sipes v. Mann, 39 Pa. 414.     In Powell v. Sedgwick,

5 Wh. 336, it was held that no error could be assigned unless bill of exceptions were taken. The specification of error as to the admission of testimony must quote the full substance of the bill of exceptions: Melvin v. Melvin, 130 Pa. 6; Wylie v. Mansley, 132 Pa. 67. If assignments of error do not conform to the rule of court the judgment will be affirmed: Trust Co. v. Purves, 12 Cent. R. 659.

The third, fourth, fifth, sixth, seventh, eighth and ninth assignments of error all relate to the affirmance of the plaintiff's points, and we take it that as their paper-book contains no argument in support of these assignments that the same will not be insisted upon in this court. It was held in Stockdale v. Maginn, 131 Pa. 507, that where no argument is made to support assignments that the same may be properly dismissed on that account.

The defendant's counsel argues that because the Supreme Court of this state reversed the court below in the cases of Chartiers Township v. Phillips, 122 Pa. 601, and Shaeffer v. Jackson Township, 150 Pa. 145, on a point presented, very similar to the defendant's first point, the subject of this alleged error, therefore this court should reverse the present case. But the counsel has evidently overlooked the fact that the decisions in those cases have been reviewed in a very recent, carefully prepared and exhaustive opinion of the Supreme Court: Yoders v. Amwell Township, 172 Pa. 447.

In the case of Bitting v. Township of Maxatawny, 180 Pa. 357, the horse had gotten six feet beyond the bridge or point of danger and then backed. And in the case of Yoders v. Amwell Township, 172 Pa. 447, the horse and buggy were over fourteen feet beyond the bridge or place of danger.

Yet in both these cases the township was held responsible. The plaintiff having proven the accident and damages and the dangerous and exposed condition of the road at the place of the accident, can rest his case without proving negatively that he was not guilty of contributory negligence: Bradwell v. R. R. Co., 139 Pa. 407; Baker v. Gas Co., 157 Pa. 593.

OPINION BY PORTER, J., July 29, 1898:

The first and second assignments of error are to the admission of certain evidence. The paper-book of the appellant does

not furnish a reference to the pages of the testimony, nor to the names of the witnesses. In addition, the appellee alleges that no such testimony as that assigned for error was offered, and that no exception was or could have been taken. An examination of the testimony apparently confirms this allegation. Furthermore, the assignments are defective in form. They need not be discussed.

The tenth and eleventh assignments of error are based upon points of charge founded upon the cases of Chartiers Township v. Phillips, 122 Pa. 601, and Schaeffer v. Jackson Township, 150 Pa. 145. Those authorities have been modified in their effect by Yoders v. Amwell Township, 172 Pa. 447, 456, wherein they are practically said to be authorities only for the peculiar facts in each case. The points of charge were rightly refused. The last clause of the point contained in the tenth assignment required the court to say that, if the accident was caused by the backing of a balky horse concurring with a defect in the highway, the plaintiff could not recover, whereas in Yoders v. Amwell Township, 172 Pa. 447, 456, Bitting v. Maxatawny Township, 180 Pa. 357, and s. c. 177 Pa. 213, it was on precisely such facts that the plaintiff's case was sent to the jury.

The point contained in the eleventh assignment required the court to say that there could be no recovery against the defendant, if the accident would not have happened without the balking and backing of the horse. This would compel the court to hold as matter of law that the backing of the horse was the sole and proximate cause of the accident, whereas the negligence of the township in not erecting proper safeguards at the bridge indubitably contributed in part to the injury, and was a question to go to the jury. The same remark may be made respecting the thirteenth and fourteenth assignments.

This case was evidently tried by the court below with the case of Yoders v. Amwell Township, 172 Pa. 447, 456, as a guide. The general charge contains a quotation of some length from the opinion of Mr. Justice DEAN. This opinion is a recent and exhaustive expression of the views of the Supreme Court on the question of proximate cause, and is founded upon a case strikingly similar in its facts to the one at bar. Here, after the horse had been led across a bridge, and a distance beyond

it, he backed over an unprotected wing wall of the bridge. There the horse was driven over a bridge, and a short distance beyond, when the driver stopped and went back to pick up a hat which had been dropped by one of the occupants of the carriage. While the driver was returning, the horse began to back, and finally went over an unprotected approach to the bridge despite the efforts of the driver. There, as here, the negligence of the township was claimed to be the failure to maintain guard rails on the bridge, and the question whether this negligence was the proximate cause, was held to be one for the jury.

No more adequate guide could have been at the disposal of the trial judge than the authority which he seems carefully to have followed. It were hopeless to attempt to add anything to the discussion of the cases contained in the opinion of Mr. Justice DEAN on all the questions of law there and here raised.

Proximate cause is always difficult of ascertainment. Each case is governed by its peculiar facts. Here we have as a precedent an opinion upon the law, based upon facts so similar to those now before us as to give it added weight in determining the merits of the present controversy.

The twelfth assignment cannot be sustained, inasmuch as it is predicated on evidence which was not in the case, namely, that the plaintiff hired a " balky " horse. The evidence clearly showed that the horse had not such a propensity before the happening of the injuries here complained of.

The case having been presented on the basis of a right on the part of the defendant to a directed verdict, the other assignments need not be discussed.

The assignments of error are therefore dismissed and the judgment of the court below is affirmed.

RICE, P. J., and BEAVER, J., dissent.