Anna E. Boone, Widow of Ransloe Boone, deceased, *v.* the Township of East Norwegian, Appellant.

*Negligence — Townships — Guard rails — Proximate cause—Fright of horses.*

It is the duty of supervisors to anticipate that accidents arising from the fright of horses may result in the ordinary use of a highway for purposes of travel, and if they neglect this duty by failing to erect guard rails at dangerous places, and an accident happens at such a place from the fright

of a horse, unmixed with any element of contributory fault on the part of the owner, the neglect of the supervisors is the proximate cause of the accident, and a verdict may be recovered against the township.

Argued Feb. 15, 1899. Appeal, No. 401, Jan. T., 1898, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1897, No. 58, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before SAVIDGE, P. J., of the 8th judicial district, specially presiding.

At the trial it appeared that on May 4, 1896, Ransloe Boone, the deceased, and his wife were driving a single horse hitched to a phaeton from Pottsville to St. Clair. At a point on the road where there was a steep unguarded embankment, the horse kicked his leg over the trace, took fright, became unmanageable and plunged down the embankment. Mr. Boone was instantly killed, and his wife was seriously injured.

The court charged in part as follows :

[It is contended by the defendant that the absence of a guard rail was not the proximate cause of the accident and injury, and that under the undisputed evidence in the case the court ought to decide that as a question of law. The question is not free from difficulty, but we have concluded that we shall leave the matter with you, and you shall say whether or not, in the event you find that there ought to have been a guard rail there, the absence of it was the efficient cause of the injury complained of. . . .

Applying the principle, as we understand it, of Yoders v. Amwell Twp., 172 Pa. 456, we say to you, that if you find it is one of the ordinary and known habits of a horse to kick in playfulness, while in harness, and being driven upon the highway, and you also find that there ought to have been a guard rail there, that the safety of the public demanded it, then no difference how the accident happened, or what took place between the time the horse kicked over the shaft and the time he went over the embankment, the absence of the guard rail was the proximate cause of the injury, and not the kicking of the horse. . . .

Whether the absence of the guard rail, if you find such a guard rail was necessary there for the safety of the general traveling public, was the proximate cause of the injury, or whether the kicking of the horse over the shaft was the proximate cause of the injury, will depend upon whether you find it is a common trait of the animal to kick up in playfulness, as they allege this animal did in this case. If it is a common trait of the horse to do so, under circumstances such as these, while being driven upon a public highway, then the absence of the barrier was the proximate cause, and if the barrier was necessary there ought to be a recovery. If you conclude it is not a common trait of the horse to do this, but that this action of the horse was not to be foreseen, not to be anticipated, unlooked for, entirely an accident and not an incident of travel, something that nobody would expect, or that would not ordinarily be expected, if you find that to be so, then the kicking of the horse would be considered the proximate cause of the accident and there could be no recovery. That is the second question you have to pass upon.] [2]

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

*Error assigned* was (2) portion of the charge as above, quoting it.

*Fergus G. Farquhar*, with him *James B. Reilly*, for appellant.—The fright of the horse was the proximate cause of the accident: Horstick v. Dunkle, 145 Pa. 220; Titus v. Inhabitants of Northbridge, 97 Mass. 258; Yoders v. Amwell Twp., 172 Pa. 448; Bitting v. Maxatawny Twp., 177 Pa. 215; Hey v. Phila., 81 Pa. 44; Potter v. Gas Co., 183 Pa. 589; Jackson Twp. v. Wagner, 127 Pa. 184; Schaeffer v. Jackson Twp., 150 Pa. 145; Kieffer v. Hummelstown Boro., 151 Pa. 304; Worrilow v. Twp., 149 Pa. 40; Herr v. Lebanon, 149 Pa. 222; Willis v. Armstrong Co., 183 Pa. 184; Howard Ex. Co. v. Wile, 64 Pa. 201; Koons v. Steele, 19 Pa. 204.

*E. D. Smith*, with him *S. H. Kaercher*, for appellees.—This case is ruled by Yoders v. Amwell Township, 172 Pa. 447.

OPINION BY MR. JUSTICE GREEN, July 19, 1899:

The learned trial judge submitted carefully and with entire correctness two questions of fact to the jury. The first of them was, whether the township had been guilty of negligence in leaving the declivity on the side of the road where the accident occurred without a guard rail, and the second was, whether that negligence was the proximate cause of the accident. On the first question there was an abundance of testimony to the effect that there was necessity for a guard rail at the place in question, and the jury by their verdict for the plaintiff has established the fact of negligence in this respect. It is not now contended on behalf of the defendant that this is an open question or that there is anything for discussion in this court on that subject.

On the second question, as to proximate cause, the appellant contends that it was the duty of the court to instruct the jury to find that the absence of the protecting rail was not the proximate cause of the accident, and that they should therefore return a verdict for the defendant. The court declined to give such instruction but left to the jury the determination of the question upon a consideration of all the testimony affecting the subject. Was this erroneous? It must be confessed that there is some embarrassment in the disposition of cases of this character, growing mainly out of the fact that the injury suffered results from the act of an unruly horse owned and controlled by the party injured at the moment of the accident. It is clear that in some cases there should be no liability for such results on the part of other persons, and we have so held in several instances cited in the appellant's brief. These decisions were based upon the special and peculiar circumstances of each case, and do not necessarily determine the contention now before us. In the two cases which approach quite nearly to this, in regard of the fact that the absence of a rail at the summit of a declivity permitted the fall of a vehicle down the declivity, there was a fault of the party injured which contributed to the injury, and that circumstance affected materially the ultimate decision. In one of them, Herr v. Lebanon, 149 Pa. 222, the wagon was overloaded and the horse fell down in its attempts to regain its feet, and in making these attempts dragged the wagon over an unprotected bank. In Willis v. Armstrong, 183 Pa. 184, it was

the breaking of insufficient traces that caused the wagon to run backwards over an unguarded declivity. In both of these instances there was a concurring fault of the party injured which contributed to the injury and prevented a recovery.

But in the case which was most analogous to this, Yoders v. Amwell Township, 172 Pa. 447, and which was followed by the court below, we held that the question of proximate cause was properly submitted to the jury. In that case a horse drawing a wagon had safely passed, in the night-time, over a bridge without guard rails and being stopped for a temporary purpose at a point about fourteen feet from the bridge, suddenly took fright and backed the wagon upon the bridge and over the side of it, thereby injuring the plaintiff. We there held that the absence of the guard rail was the proximate cause of the injury. The court below had instructed the jury that the absence of the rail was not the proximate cause of the injury and the defendant was not liable. We reversed the judgment. In an elaborate and most carefully considered opinion, our Brother DEAN fully reviewed the evidence and the authorities, and showed with conclusive force that the question of proximate cause was for the jury in the circumstances which were there developed, and further held that in those circumstances the absence of the guard rail was the proximate cause of the injury. He thus summed up the whole matter in controversy and formulated a rule which should have been applied to that case, and which applies also to this : " The township authorities were bound to foresee and reasonably provide against a common danger to ordinary travel, on that highway ; it is well known that one of such dangers arises from the habit of fright in the horse, and it is just as well known that when affrighted no one can foretell his conduct ; the presence of guard rails would have been a protection from the danger of going over the bridge, no matter what the movement of the horse ; therefore, the habit of the horse being known, they ought to have put up the guard rails, and their neglect of duty in this particular was the proximate cause of the injury. Or to express it in another form: The fright of the horse was ordinary, and to be expected ; that his conduct when in fright would be unreasoning, insane and unlooked for, was also to be expected ; if it were otherwise, it would have been extraordinary, because contrary to common

observation; the township authorities should have guarded against that which was to be expected, and it will not excuse the negligence of the supervisors or make that negligence the remote cause, to assert, they could not foresee the particular freak of conduct in a terrified horse."

This ruling was followed in the case of Bitting v. Maxatawny Twp., 177 Pa. 213, and must be considered as the settled law in all cases in which it is applicable to the facts. We are quite clear that the learned court below was correct in holding that it ruled the present controversy. The fright of the horse was the occasion of the accident, unmixed with any element of contributory fault on the part of the plaintiff. The immediate and producing cause of the accident was the absence of a guard rail on the edge of the declivity. It was the duty of the supervisors to anticipate that accidents arising from the fright of horses might result in the ordinary use of the highway for purposes of travel, and the neglect of that duty was the proximate cause of the accident. The question of proximate cause, having reference to the special circumstances of this case, was committed to the jury with very careful and precise instructions, and the jury found as a fact that the absence of a guard rail was the proximate cause of the accident. This finding was in accord with the testimony. The kicking of the horse was only an incident of his fright which might readily happen in any case of fright, and is not to be regarded as the producing cause of the falling of the wagon over the declivity. The assignments of error are not sustained.

Judgment affirmed.