# Wilson *v.* O'Hara Township.

*Highways—Township road—Absence of barrier—Negligence—Question for jury.*

Where there was established a narrow road from ten to twelve feet wide, along a hillside, upon the lower side of which there was an almost perpendicular declivity of some nine feet and a steep slope from there on, it would have been manifest error to have withdrawn from the jury the question of negligence of the township in failing to provide any barrier.

*Knowledge of defective road—Contributory negligence—Question for jury.*

The fact that the condition of a township road left without a necessary guard rail was known to the plaintiff, and that knowing this condition he drove over it at night and was injured by a fall over the embankment, incident to the sudden fright of his horse and the lack of a barrier, is not conclusive of contributory negligence but leaves that question for submission to the jury, there being evidence that a reasonably prudent man could safely drive over the road in question and that it had been used and driven over for many years.

Argued April 23, 1900. Appeal, No. 46, April T., 1900, by defendant, in suit of John V. Wilson against the Township of O'Hara, from judgment of C. P. No. 1, Allegheny Co., June T., 1898, No. 44, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Trespass to recover for injuries to plaintiff and his team by falling over the side of a public road in defendant township. Before COLLIER, J.

The facts sufficiently appear in the opinion of the court.

Defendant submitted requests for binding instructions which were refused.

The court charged the jury, inter alia, as follows:

[Now, gentlemen, under such circumstances, did he do all that was fair and reasonable? It strikes me, if his story is true, that he did, because he got out, examined the road, went back, and he says that he could see that all was straight, the road was clear, and there was room enough to get by; he went back and drove in the middle of the road, and the shying of the horse, which he could not expect, a horse which he says, prior to that time, was quiet, and down he went and was hurt.] [2]   It is for you to say, whether, under his own story, it was reasonable care that he had taken. If you think that was reasonable care under the circumstances, then he would be entitled to recover whatever damages the law gives him, to which we will come directly.

Verdict and judgment for plaintiff for $1,500.   Defendant appealed.

*Errors assigned* were (1) refusal of binding instructions for defendant.    (2) To a portion of the judge's charge, reciting same.

*William J. Barton,* with him *Thomas J. Ford,* for appellant. —The plaintiff's duty was to lead his horses past the dangerous point, and not to recklessly expose himself to danger: Mueller v. Ross Twp., 152 Pa. 399; Winner v. Oakland Twp., 158 Pa. 405.

The real fact of the case is that it was so dark the plaintiff could see nothing and attempted to drive on what he thought was the road, but drove the horses over the bank, and he so stated to several persons.

We contend the court should have affirmed our first point, but if this court be of the opinion that there were questions of fact to be submitted to the jury, we then say our second specification of error should be sustained, and that court erred in instructing the jury that the plaintiff " couldn't expect the shying of the horse," on the contrary the court should have instructed the jury " that the plaintiff was bound to know and guard against such action on the part of his horses, especially as plaintiff had testified his horse was " scary sometimes," and

that if he did not guard against such action or if the light was insufficient to enable him properly and safely to guard against it, it was his duty to lead his horses, and having failed to do so, he was guilty of contributory negligence and cannot recover. This contention, we believe, is supported by Yoders v. Township, 172 Pa. 447, and Boone v. Township, 192 Pa. 206. The township authorities and the drivers of horses being equally bound to take notice of and guard against the common and ordinary actions of a horse.

*Thomas M. Marshall, Jr.*, with him *Frank P. Sproul*, for appellee.—The opinion of the Supreme Court in the case of Stokes v. Township of Ralpho, 187 Pa. 333, answers the whole argument of appellant's counsel.

Whether the plaintiff is guilty of contributory negligence in using a road known to be dangerous is a question for the jury: Mellor v. Bridgeport, 191 Pa. 562.

OPINION BY W. D. PORTER, J., July 26, 1900:

The plaintiff was a farmer, and a part of his business was to attend the markets in the city of Allegheny and there dispose of the products of the farm. This rendered it necessary for him to leave his home at a very early hour in the morning. He had no choice of roads over which to reach his destination, but was compelled to travel the river road, known as the Pittsburg and Freeport road. This road, for some distance between Hulton ferry and Power's run, was narrow, and at one side of it arose a steep bluff, and upon the other side there was an abrupt fall of several feet and then a more gradual descent for a considerable distance. For many years there had been no barrier along the side of the road next the declivity. About three o'clock on the morning of August 3, 1897, the plaintiff approached this point of the road, driving two horses attached to a wagon load of vegetables, and when he reached the curve he stopped. Leaving his horses and wagon standing in the middle of the road, he walked along the narrow part of the road ahead to the other bend. Finding the road clear, he went back, got onto his wagon and started the horses. When they had moved five or six feet, according to the testimony of the plaintiff, one of the horses scared at something, " and just made a shoot over, and

shoved the other horse, and he went over the bank, and the wagon slid down and tumbled right over, the wagon and me and the horses." The plaintiff was seriously injured by the accident and brought this action to recover damages.

The defendant requested the court below to give a binding instruction in favor of the township. This was refused by the court and is the foundation of the first specification of error. The evidence established that this was a narrow road, from ten to twelve feet wide, along a hillside. Upon the lower side there was an almost perpendicular declivity eight or nine feet in depth, and the slope from that point to the bottom of the hill was very steep. The negligence of the township in failing to provide any barrier whatever at such a point, as this was admitted to be, was practically conceded, and, if it had not been, it was established by evidence which it would have been manifest error to have withdrawn from the jury. Upon this branch of the case, however, the interest of the defendant was carefully guarded in the submission of the question to the jury, and we must accept the negligence of the defendant as established by the verdict, under a charge which defined the duties of the township officers in such a manner that no error has been assigned to it. The duties of the township authorities were laid down by the court in strict accordance with the rule recognized in Yoders v. Amwell Township, 172 Pa. 447, Bitting v. Maxatawny Township, 177 Pa. 213, and Boone v. The Township of East Norwegian, 192 Pa. 206.

The defendant, however, contends that from the plaintiff's own testimony it clearly appears that he was guilty of contributory negligence, and for that reason there can be no recovery. The plaintiff knew that this road was without a barrier at the side next the declivity. When he arrived at this point of the road he descended from his wagon, leaving the horses standing, and went ahead and ascertained that the road was clear; his examination revealed to him no defects in the roadbed. He found a road in which he could drive with safety, unless something unexpected occurred, and, so far as his evidence indicates, he could have driven this road without danger in the absence of the unforeseeable frightening of the horse. This is not a case of a defect in the bed of a road apparent to all persons traveling thereon and threatening imminent and immediate

danger, and is not ruled by Winner v. Oakland Township, 158
Pa. 405, in which the plaintiff having two roads to select from
chose the one in which the beaten track was dangerous.    Even
where a traveler has two roads from which to choose and the
dangers of the route actually taken are not so great and obvious
as to deter the general public and ordinarily prudent and care-
ful people from using it, the question of contributory negli-
gence of a person injured in using it is a question for the jury:
Mellor v. The Burgess and Town Council of Bridgeport, 191
Pa. 562.    The evidence indicated that this road had been used
by the general public for many years, and that there was no
parallel road, or any, which by a reasonable detour could lead
to the same destination, which was available as a substitute.
There was no suggestion that any accident had ever occurred
at this point, nor that there had been any change in the condi-
tions from the time the road was opened.    If a reasonably
prudent man, notwithstanding the condition of the road, would
have arrived at the conclusion that it could be traversed with
reasonable safety, under the circumstances, then there was no
negligence in the use of the road by the plaintiff which would
have justified the court in withdrawing the case from the jury:
Stokes v. Township of Ralpho, 187 Pa. 333.    The ground upon
which the defendant seems to most confidently rely is, that
because it was dark at the time of this accident, the plaintiff
was guilty of negligence in driving along this road.    That very
question, however, was involved in the case of Stokes v. Town-
ship of Ralpho, supra.    It is here contended, however, that the
evidence of the plaintiff clearly indicates that he could not see
the road, but this contention is not well founded.    The defend-
ant testified that the stars were shining ; that he could see the
bank on one side of the road and the declivity upon the other ;
that when he got up onto his wagon, after examining the road,
he could see the road in front of his horses, and that when he
started to drive he was driving in the middle of the road ; that
his horse suddenly shied and threw the other horse over the
bank.    This evidence was for the jury ; if they believed it, the
plaintiff could see the road in front of his horses and could see
the declivity upon one side and the bluff upon the other.    The
sudden frightening and insane action of the horse are not to
be attributed to negligence upon the part of the plaintiff, in

the absence of evidence which would warrant such a conclusion. It is true that the defendant called several witnesses who testified as to statements that the plaintiff had made with regard to the conditions which prevailed at the time of the accident, and those statements were not in accord with the testimony given by the plaintiff at the trial. The result was not to raise a question of law for the court, but a question of fact for the jury. The defendant also called witnesses whose testimony tended to show that the tracks of this wagon had approached the declivity gradually, as if the horses were being driven or permitted to wander out of their way, and that there was no sudden turning, such as would have been produced by the sudden bolting of a frightened horse from his course along the road. If, under the undisputed facts of the case, it had appeared that the night was so dark that the plaintiff could not see where he was going, and had permitted his horses to wander out of the road and over the bank, the defendant would have been entitled to the instruction prayed for: Mueller v. Ross Township, 152 Pa. 399. In this case the facts were disputed, and the learned judge of the court below, in a very clear and satisfactory charge, which the jury could not have misunderstood, presented the various phases of the evidence, and said: "If you find the facts to be as stated by the defendant, that it was a dark night, he could not see, and then undertook to go and sit up there and drive in the dark, knowing that within two feet of him there was a precipice which would take him down twenty feet, he couldn't possibly recover if he chose to take that risk, because it would be gross negligence on any man's part to do it." This case was for the jury, and the first assignment or error is dismissed.

The language of the court complained of in the second assignment of error is simply an expression of the opinion of the court as to what it was fair and reasonable to require of the plaintiff in his action in the premises. The jury were told that if they believed the plaintiff's story, it was the opinion of the court that he had done all that was fair and reasonable; but the language used by the court did not tend to force that opinion upon the jury and left them free in the exercise of their own judgment. In the first sentence following the language complained of, the learned judge said to the jury: "It is for

you to say, whether, under his own story, it was reasonable care that he had taken. If you think that was reasonable care, under the circumstances, then he would be entitled to recover." The second assignment of error is overruled.

Judgment affirmed.