Ramage *v.* Lower Burrell Township, Appellant.

*Negligence—Townships—Defective road—Failure to maintain barrier— Case for jury.*

In an action against a township to recover damages for personal injuries, the case is for the jury where the evidence shows that at the time of the accident the plaintiff was driving in a buggy in good condition, drawn by a gentle horse with good harness; that at the point of the accident the road was thirteen feet wide, with a steep unguarded declivity of thirty-three feet on one side, and that the horse suddenly stopped and backed the buggy down and off the highway over the declivity.

Argued April 22, 1913. Appeals, Nos. 36 and 37, April T., 1913, by defendant, from judgment of C. P. Westmoreland Co., May T., 1911, No. 715, on verdict for plaintiffs in case of B. F. Ramage and Mathilda Ramage, his wife, v. Lower Burrell Township. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass for personal injuries. Before DOTY, P. J.

At the trial the jury returned a verdict for B. F. Ramage for $600 and for Mathilda Ramage for $300. Defendant appealed.

Subsequently on a rule for judgment for defendant n. o. v. DOTY, P. J., filed the following opinion:

The principle which controls this case is that it is the duty of a municipality having control of highways to keep them reasonably safe for ordinary travel by the ordinary horse. It is under no obligation to provide for everything that may happen upon them, but only for such things as ordinarily exist or such as may be reasonably expected to occur: 2 Dillon on Municipal Corp., sec. 1015. The principle itself is readily understood and it should not be a hard matter to apply it to any case which may arise.

The real difficulty, however, is in making application of the principle to the circumstances of each case. The cases on this subject are without number and are not so helpful as they might be because of apparent conflict in the decisions and because each case must be determined on its own peculiar facts and circumstances.

The accident occurred on a public road; at the place where the accident happened the road was smooth and had a width of thirteen feet; the plaintiff was aged sixty-one years and was in a one-horse buggy as the guest of her son who was driving a pony slowly along the road; at the side of the road at the point of accident there was a declivity of thirty-three feet; the buggy and harness were sound and in good condition; the pony was gentle, had no bad habits, and its owner testified that he never knew him to back; at this point in the road the pony stopped and commenced to back and the buggy was backed over the declivity resulting in the injuries complained of; the plaintiff testifies that she saw nothing nor heard any noise, and the driver gives evidence that "the horse started to back; don't know what scared him."

At this point in the road there was no barrier or guard rail. The verdict establishes that a guard rail was necessary. And such conclusion is justified by the evidence, as all the cases, no matter how otherwise they may differ, are uniform in holding that a "high-

way must be guarded by suitable barriers where it passes a declivity of precipitous descent." But was the absence of a guard rail the proximate cause of the injury? The case turns on the decision of this question. There is no complaint of any other feature. The question was fairly submitted to the jury under proper instructions. The contention is that there was no evidence which justified the submission of the question. The defendant, therefore, asked for binding instructions at the trial and now moves for judgment non obstante veredicto.

It seems plain that under the circumstances of the case the court would not have been justified in taking it from the jury. The road was very narrow; the place was dangerous and should have been protected by a guard rail; there was no negligence on the part of the driver and nothing wrong with harness or buggy. That the horse frightened is a plain inference from the testimony. He did not balk and refuse to move. He suddenly stopped and backed a few steps only, taking the buggy over the declivity. The instinct of a horse is to get away from the object that terrorizes him. Sometimes he runs away; sometimes he moves backward. The case is plainly one for a jury and not one for the court to determine.

That the plaintiff did not know what scared the horse is not fatal to her case. In Scott Twp. v. Montgomery, 95 Pa. 444, the horse shied from an unknown cause and sprang down a bank. And in Yoders v. Amwell Twp., 172 Pa. 447, it is not known what scared the horse. The latter case is analogous and clearly sustains the verdict here. In the opinion of the court numerous authorities are cited and they all agree in holding the absence of a guard under such circumstances to be the proximate cause of the injury. Under somewhat similar circumstances the same doctrine is laid down in Russell v. Westmoreland County, 26 Pa. Superior Ct. 425. In Bitting v. Maxatawny, 177 Pa.

213, under a state of facts very similar we find the court saying: "The mere facts that a horse has passed safely over and a very few feet beyond, a dangerous and negligently guarded bridge, then, without fault of the driver backs on and off it, do not of themselves warrant the court in declaring, as matter of law, the negligence of defendant was the remote cause of the injury."

And while the cases are innumerable and in apparent conflict, we think no case can be found which does warrant the court in holding that the negligence of defendant was the remote cause of an injury occasioned by the sudden backing of a horse where the road is very narrow with a deep declivity at the side without a barrier, where the accident occurs, in immediate proximity to the dangerous place unless there was negligence in the driver or the accident was plainly due to some unrelated cause.

With this understanding of the law and following in the line of the cases already cited, we are of the opinion that plaintiff is entitled to judgment on the verdict. As this was the only matter urged at the argument the reasons assigned for a new trial need no special consideration. The case seems to have been fairly tried, the verdict is not excessive and we do not see how we could do otherwise on a retrial.

And now, May 6, 1912, after due consideration new trial refused, motion for judgment n. o. v. denied, and upon payment of jury fee judgment on the verdict.

*Error assigned* was in refusing binding instructions for defendant.

*G. B. Shaw,* of *Shaw & Silsley,* with him *H. H. Dinsmore,* for appellant, cited: Pittsburg Southern Ry. Co. v. Taylor, 104 Pa. 306; Alexander v. Water Co., 201 Pa. 252; Kieffer v. Hummelstown Borough, 151 Pa. 304.

*Herbert R. Hahn,* with him *Williams, Wegley & Doran* and *Lyon & Hunter,* for appellees, cited: Yoders v. Am-

well Twp., 172 Pa. 447; Schaeffer v. Jackson Twp., 150 Pa. 145; Cage v. Franklin Twp., 11 Pa. Superior Ct. 533; Trexler v. Greenwich Twp., 168 Pa. 214; Kerr v. Kiskiminetas Twp., 238 Pa. 59.

OPINION BY ORLADY, J., October 13, 1913:

This action of trespass was brought to recover damages for injuries sustained by Mrs. Ramage in an accident on a public highway in the defendant township. The basis of the action was the alleged negligence of the township in not maintaining a substantial fence or barrier on the roadside at the place where a pony, which Mrs. Ramage and her son were driving, suddenly took fright and backed the buggy with its occupants down and off the highway, a distance of about thirty feet. The trial of the case in the court below resulted in a verdict in favor of B. F. Ramage, the husband, for $600, and in favor of Mrs. Matilda Ramage for $300. A new trial was refused, and the court overruled a motion for judgment non obstante veredicto in an opinion filed which so fully and clearly disposes of the legal questions involved that it is not necessary to review the testimony and repeat the rules of law governing such cases. The duty of the township authorities, and the necessity for a barrier at that place under the circumstances of the case were questions of fact, to be solved only by a jury. It could not be judicially determined by the court in giving binding instructions or on entering a judgment n. o. v. Additional authority for the action of the court is to be found in Bitting v. Maxatawny Township, 177 Pa. 213; Boone v. Norwegian Township, 192 Pa. 206; Wilson v. O'Hara Township, 14 Pa. Superior Ct. 258; Hamil v. Christiana Boro., 49 Pa. Superior Ct. 371; Goldstein v. Fallowfield Township, 43 Pa. Superior Ct. 158; Kerr v. Kiskiminetas Township, 238 Pa. 59; Walsh v. Altoona R. R. Co., 232 Pa. 479.

Separate appeals are presented for our consideration and we affirm the judgment entered in each case.