# Hunter *v.* Robinson Township, Appellant.

*Negligence—Townships — Highways — Unguarded declivities —
Death—Proximate cause—Case for jury.*

In an action of trespass brought against a township for causing
the death of plaintiff's husband, it appeared that while deceased
was driving up the approach to a bridge, on either side of which
were abrupt and unguarded declivities, his horse became frightened
from an unknown cause and backed the wagon over the declivity,
causing the driver's death; defendant contended that the un-
fastening of a trace was the proximate cause of the accident. A
witness testified to a conversation with deceased after the accident
when he was suffering great agony, in which he was alleged to have
attributed the accident to the loose trace, not to the absence of a
guard rail. The condition of the horse and wagon when found at
the foot of the declivity did not bear out the theory of the un-
fastened trace. The trial judge left the case to the jury, charging
that it was for them to say how much weight should be given to
the alleged statement of the injured man prior to his decease.
The jury by a special finding negatived the alleged loose trace as
an element in the case and found a verdict for plaintiff upon which
judgment was entered. *Held,* there was no reversible error.

Argued Oct. 7, 1915. Appeal, No. 195, Oct. T., 1915,
by defendant, on judgment of C. P. Washington Co.,
Feb. T., 1915, No. 384, on verdict for plaintiff in case of
Margaret Hunter v. Robinson Township. Before
BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRA-
ZER, JJ. Affirmed.

Trespass to recover damages for the death of plain-
tiff's husband.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $7,290.00 and judgment there-
on. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict
for defendant, in refusing defendant's motion for judg-
ment n. o. v., answers to points and instructions to the
jury.

*Erwin Cummins,* with him *Robert E. Burnside, C. L. V. Acheson* and *J. Boyd Crumrine,* for appellant.

*Meredith R. Marshall,* with him *Harry A. Jones, Robert S. Chess* and *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1916:

The plaintiff sued to recover damages accruing through the death of her husband, which she alleged was due to the negligence of the defendant; she secured a verdict, upon which judgment was entered, and the defendant has appealed.

The trial judge submitted to the jury the issues as to the proximate cause of the accident, the alleged negligence of the one side and the contributory negligence of the other; and all of these issues were found against the defendant. Since the plaintiff obtained the verdict, the evidence must be viewed in the light most favorable to her, and, when so looked at, the following material facts could be found: The defendant township, for at least six years prior to the accident, maintained a road 14 feet wide, leading up to a bridge of the same width; there were stone retaining walls on either side of this road, to support the approach to the bridge; these walls were 10 feet high, without any barriers on top, so that abrupt and unguarded declivities existed at the point in question on both sides of the road, to a depth of 10 feet; on the day of the accident, October 29, 1914, George Hunter, the plaintiff's husband, was driving a one-horse wagon at ordinary speed toward the bridge, with the probable intent of crossing it; at about 75 feet from the bridge the horse reared, but then proceeded without misbehavior until it reached that structure, when it became frightened from some unknown cause, and, despite the efforts of the driver to control it, started to turn, then rapidly backed the wagon over the steep declivity at one side of the road; Hunter died as the result of injuries

thus received. On these facts, all the issues involved were for the jury (Yoders v. Amwell Twp., 172 Pa. 447; Bitting v. Maxatawney Twp., 177 Pa. 213; id., 180 Pa. 357; Boone v. East Norwegian Twp., 192 Pa. 206; see also Lindberg v. Mifflin Twp., 247 Pa. 464; Scott Twp. v. Montgomery, 95 Pa. 444; and Ramage v. Lower Burrell Twp., 54 Pa. Superior Ct. 617, 619), and we are not convinced of error in their submission.

The defendant contended that a trace in some way became unfastened, causing the driver to lose control of his horse; that this, and not the unguarded declivity, was the proximate cause of the accident. Counsel for the township, however, drafted certain special issues which, at the request of the defendant, the trial judge submitted to the jury, and, in answering one of these, the jury negatived the alleged loose trace as an element in the case. The only evidence to support the defendant's theory of the proximate cause of the accident was given by a man who had worked for the road supervisors. This witness testified to a conversation with Hunter, after the accident, when the latter was suffering great agony, in which he is alleged to have attributed the accident to the alleged loose trace, and not to the absence of a guard rail; but, since the circumstances stated by other witnesses, as to the position and condition of the horse and wagon when found at the foot of the declivity, were all against the theory of an unfastened trace, it is highly probable the jury did not believe the story told by the witness in question, and that they meant their answer to the special issue as drafted by defendant's counsel to comprehend a finding to that effect. We are not convinced it is at all likely that anything said by the trial judge at the time of the submission of this issue confused the jury; nor do we think his remark, in refusing one of the defendant's requests for charge, to the effect that it was for the jury to say how much weight should be given to the alleged statements of the injured man prior to his decease, could have in any way preju-

diced the defendant. Finally, since the jury found against appellant on the issue as to the loose trace, the numerous assignments of error which complain of instructions with reference to its effect in determining the question of proximate cause need not be considered.

All the assignments are overruled, and judgment is affirmed.