## Brendlinger, Appellant, *v.* New Hanover Township.

*Highways—Known danger—Contributory negligence.*

One who knows of the dangerous condition of a particular portion of a public highway, and could have avoided it by driving on the opposite side, is guilty of contributory negligence in driving over the defective portion.

*Duty of township to repair.*

It seems that although the condition of a country road is bad, or almost impassable, the township is not guilty of negligence, provided its condition be due to the weather and the nature of the soil, and not to the neglect of the township to keep it in repair.

Argued Feb. 3, 1892.  Appeal, No. 61, Jan T., 1892, by plaintiff, Elias Brendlinger, from judgment of C. P. Montgomery Co., June T., 1889, No. 126, refusing to take off nonsuit. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass to recover for injuries to plaintiff's horse occasioned by a defective highway.

The facts appear by the opinion of the court below, WEAND, J., refusing to take off the compulsory nonsuit which was entered at the trial, as follows:

" The plaintiff seeks to recover damages for injuries received by his horse whilst traveling a public road.  The court entered a compulsory nonsuit upon the ground that plaintiff was guilty of contributory negligence and the plaintiff now contends that this question should have been submitted to the jury.

" The facts may be briefly stated: Plaintiff's son, who was driving the horse, knew the condition of the road for a long time and on the day in question had driven over it to a creamery.  He testifies: ' Went over the same road going to the creamery, took the other side going home.  It was a distance of twelve feet long, the road was in such a condition, and from one part of the gutter all the way over to the other, all through the road, from one side of the road to the other.  Then it was kind of watery, but when you looked at it you could see ground, but it was all watery that way, like I told you, when a horse or wagon came on, it was bound to go down '—page 4.  He further testifies that he knew this hole was there for some months and he knew it was a dangerous place, page 10, and in this he was corroborated by several witnesses, who testified that the character of the road was apparent and dangerous. We then have this proposition clearly proven—a driver knows that part of a road is dangerous and that part can be safely traveled.  In daytime he avoids the safe part which he had traversed in the morning and deliberately drives into a hole plainly visible and which he considers dangerous, when by continuing on the opposite side he would have had a safe path; an accident follows: in his own words, ' when a horse or wagon came on, it was bound to go down.'  There was no question raised as to whether plaintiff's son had exercised due care and

caution, and the court would have been obliged to instruct the jury that 'whatever may have been the condition of the street, or however dangerous, if the plaintiff knew of such danger and could have avoided it by turning aside, or by going on the opposite side of the street, but instead of doing so chose to run the risk of passing over the dangerous spot and so encountered the hurt and injury complained of, he would be guilty of what is called in the law contributory negligence, and your verdict should be for the defendant:' City of Erie v. Magill, 101 Pa. 616.

" The obstruction in this case was more apparent than in Burns v. City of Bradford, 137 Pa. 361, where it was said : ' No person could pass over it without discovering its condition, and any person who had notice of that, and received an injury in attempting to go over it, when he might have passed safely on the level space between the walk and the ditch, would be held guilty of contributory negligence.'

" It is not claimed that the mere passing over this road with knowledge of its condition would in itself constitute contributory negligence provided due and reasonable care was used. But in this case the plaintiff's own testimony showed the absence of all care and caution, for the driver made no effort to avoid the danger but rather sought it. Where the evidence is uncontradicted that under such circumstances an accident happened because of a willful and deliberate driving into a dangerous place known to be such, it would be folly to submit to a jury the question as to whether due care had been exercised. And now, Sept. 21, 1891, motion refused."

Plaintiff appealed.

*Error assigned* was the refusal to take off the compulsory nonsuit.

*J. A. Strassburger, Henry M. Brownback* with him, for appellant.

*Charles Hunsicker,* for appellee.

PER CURIAM, March 28, 1892:

We think the judgment of compulsory nonsuit was properly entered in this case. In addition to the reasons therefor given by the learned judge below, it is by no means clear that the township was guilty of negligence. Conceding that the road was

bad, almost impassable, the fact must not be overlooked that it was a country road, and that its condition was the result of the weather. In this respect it was not unlike almost every other road in the rural districts after a frost and constant rains. It would be laying too heavy a burden upon townships to hold them responsible for the swampy and miry conditions of the roads at certain seasons. There is, of course, a difference in country roads at such times, owing principally to the character of the soil. If its condition is the result of the weather, and the nature of the soil, and not to the neglect of the township in keeping it in repair, we see no reason why the township should be held responsible for an accident, such as we have in this case.

Judgment affirmed.