| 152 | 399 |
| 190 | 533 |
| 152 | 399 |
| f200 | 339 |

## Mueller v. Ross Township, Appellant.

[Marked to be reported.]

*Negligence—Townships—Highways—Traveler—Known danger—Assumption of risk—Contributory negligence.*

In an action to recover damages for injuries to horses, it appeared that plaintiff was driving along a country road between eight and ten o'clock on a dark night. At the point where the accident occurred, the road was on the side of a hill, with a slope of six or eight feet to a fall. At this point the road curved. On the lower side of the road there was an embankment, or footpath, to protect it, upon which pedestrians walked. The embankment was one or two feet higher than the road, and served as a protection for wagons. As plaintiff approached the curve, he slackened the reins, and allowed the horses to go at will. One of them got on the embankment and fell from the slope, dragging the other with him. It appeared that plaintiff was familiar with the road. *Held*, that, as he negligently assumed a known risk, he was not entitled to recover, and that binding instructions in favor of the defendant should have been given to the jury.

Argued Oct. 27, 1892. Appeal, No. 52, Oct. T., 1892, by defendant, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1891, No. 98, on verdict for plaintiff, John M. Mueller. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for injuries to horses and wagon.

The facts appear by the opinion of the Supreme Court.

At the trial, before McCLUNG, J., defendant's request for binding instructions was refused.

Verdict and judgment for plaintiff for $69.07. Defendant appealed.

*Error assigned*, inter alia, was refusal of defendant's request for instructions as above, quoting it.

*Geo. H. Quaill*, for appellant.—If the passageway along the road at this point was openly and obviously dangerous, it was plainly the duty of plaintiff to get down from his wagon and lead his horses past the danger, rather than recklessly expose himself and them to danger which was imminent, as he claims. Having failed in this, his own conduct contributed to the injury, and he cannot recover: Wharton, Neg. § 440; Forks Township v. King, 84 Pa. 230; Pittsburgh & Southern R. R.

v. Taylor, 104 Pa. 306; Crescent Township v. Anderson, 114 Pa. 643; Keeley v. Shanley, 140 Pa. 213; Hill v. Tionesta Township, 146 Pa. 11.

The traveler must use common and ordinary caution. The municipality is required only to exercise that care which common prudence would dictate: Erie v. Magill, 101 Pa. 617; Jackson Township v. Wagner, 127 Pa. 184.

*W. T. Tredway,* for appellee.—If a road is so dangerous by reason of its proximity to a precipice, or any other cause, that common prudence requires extra precaution in order to secure safety to travelers, the municipal authorities are bound to use such precaution: Hey v. Phila., 81 Pa. 44; Scott Tp. v. Montgomery, 95 Pa. 444; Lower Macungie v. Merkhoffer, 71 Pa. 276; Newlin Tp. v. Davis, 77 Pa. 317; Plymouth Tp. v. Graver, 125 Pa. 24.

If damage from an imperfect highway be the effect of a precedent cause arising from a neglect of duty by a municipality, it is liable for it: Hey v. Phila., 81 Pa. 44 ; Plymouth Tp. v. Graver, 125 Pa. 37. The case was properly left to the jury: Plymouth Tp. v. Graver, 125 Pa. 37; Beach, Contributory Negligence, 568; Plymouth Tp. v. Graver, 125 Pa. 24; Sutter v. Young, 130 Pa. 72; Jackson Tp. v. Wagner, 127 Pa. 195; Lower Macungie Tp. v. Merkheffer, 71 Pa. 276 ; Hey v. Phila., 81 Pa. 44; Newlin Tp. v. Davis, 77 Pa. 317.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893:

Upon the trial below the learned judge refused the defendant's first point, praying for a binding instruction in its favor. The plaintiff alleges that an accident occurred to his team by reason of the unsafe condition of one of the public highways of Ross township; one horse falling over an embankment below the road, pulling the other horse over with him, and causing some slight damage to the horse and wagon. The public road where the injury occurred was on the side of a hill, and at this particular point there was a curve with a slope on the other side, of six to eight feet to a fall. On the lower side of the road there was an embankment or footpath to protect it, upon which pedestrians walked. This embankment was one or two feet higher than the traveled road, and it served as a substantial protection to wagons or other vehicles in icy weather

to prevent their sliding over the side of the road, or to guard against just such accidents as this.   The plaintiff knew all about the condition of the road, having traveled over it frequently. He knew of the curve, and of the embankment.   The accident in question occurred between eight and ten o'clock at night, and the plaintiff testified that it was so dark that he could not see the road, nor anything else.   Under these circumstances he slackened the lines, and allowed the horses to go at will. The result was they left the traveled road, got upon this embankment, when one of them fell down the slope, dragging the other with him, and causing the injury complained of.   The plaintiff himself was not hurt.

It is not denied the road in question was safe for ordinary travel.   There are few country roads that are safe at night when it is so dark that nothing can be seen.   Knowing as he did the condition of this road, of the curve, the embankment, and the slope, and trusting entirely to his horses to select the traveled part of the road, the plaintiff assumed the risk.   If he could not see he should have gotten out and led his horses. There are five senses to guide a man's conduct, and the exercise of some one of them would certainly have enabled the plaintiff to know where he was and to discover the embankment.   As he elected to be guided by the one sense, which, under the circumstances, was of no use to him, he must be presumed to have taken the risk of his horses getting up on the embankment, and falling down the slope.

The defendant was entitled to a binding instruction in its favor.

Judgment reversed.