Conrad *v.* Upper Augusta Township, Appellant.

200        337
d 19 SC   177
200        337
    30 SC   139

*Negligence—Townships—Unguarded embankment—Contributory negligence.*

In an action against a township to recover damages for personal injuries sustained as the result of a wagon going over an unguarded embankment on an ordinary country road, the plaintiff is guilty of contributory negligence, and not entitled to recover, where the evidence shows that he was perfectly familiar with the road, that one of his horses was blind ; that at the time of the accident it was very dark, that a lantern attached to the

front of the wagon had gone out, that plaintiff instead of stopping at once and re-lighting it allowed the team to continue for some distance and approached the dangerous embankment, the location of which was well known to him.

Argued May 27, 1900.    Appeal, No. 360, Jan. T., 1901, by defendant, from judgment of C. P. Northumberland Co. Feb. T., 1900, No. 99, on verdict for plaintiff in case of Henry M. Conrad v. The Township of Upper Augusta.    Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Trespass for personal injuries.    Before Edwards, P. J., specially presiding.

At the trial it appeared that plaintiff was injured on September 14, 1899, under circumstances stated in the opinion of the Supreme Court.    The court refused to give binding instructions in favor of the defendant.

Verdict and judgment for plaintiff for $2,500.    Defendant appealed.

*Error assigned* among others was (1) refusal to give binding instructions for the plaintiff.

*S. P. Wolverton*, with him *C. B. Witmer*, for appellant.—Defendant was guilty of contributory negligence : Mueller v. Ross Twp., 152 Pa. 399 ; Heister v. Fawn Twp., 189 Pa. 253 ; Bailey v. Brown Twp., 190 Pa. 530 ; Habecker v. Lancaster Twp., 9 Pa. Superior Ct. 553 ; Hoag & Alger v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293 ; Winner v. Oakland Twp., 158 Pa. 405.

*P. A. Vought* and *Voris Auten*, with them *L. S. Walter*, for appellee, cited : Vallo v. U. S. Express Co., 147 Pa. 404 ; Sprowls v. Morris Twp., 179 Pa. 219 ; Muckinhaupt v. Erie R. R. Co., 196 Pa. 213 ; Ryan v. Ardis, 190 Pa. 66 ; Burrell Twp. v. Uncapher, 117 Pa. 363 ; Township of Plymouth v. Graver, 125 Pa. 24.

Opinion by Mr. Justice Potter, July 17, 1901 :

All the assignments of error in this case raise but one question, the contributory negligence of the plaintiff.

It appears from the evidence that the plaintiff was thoroughly familiar with the road over which he was traveling at the time of the accident, and was in the habit of using it almost daily. It was an ordinary country road. At the hour of the accident, it was early morning, and very dark, so that the plaintiff attached a lantern to the front of his wagon to enable him to see the highway. Shortly before the accident occurred, his lantern went out. Instead of stopping at once and re-lighting it, the plaintiff allowed the team to continue in motion. The result was that they, for some reason, left the beaten track and went over an embankment to the left of the highway, upsetting the wagon and causing the injury for which this suit is brought.

According to the plaintiff's own statement, when he found the lantern was out, he rose up and turned to the right to look out. He could see nothing of the lantern, nor could he see the horses, it was so dark. He sat down, and found at that time that he had reached the summit and was beginning to go down hill. It is apparent, therefore, that there was ample time after the plaintiff knew that the lantern was out for him to have stopped his team and re-lighted it, before the accident happened. He was so well acquainted with the road that he must have known that he was approaching that portion of the road flanked by the embankment. In addition to this, he knew, of course, that one of his horses was blind, or partially so. The evidence points irresistibly to the conclusion that the plaintiff contributed by his own negligence to his injury.

The case is in line with Mueller v. Ross Township, 152 Pa. 399, the facts being very similar. As was there stated, "There are few country roads that are safe at night when it is so dark that nothing can be seen. Knowing, as he did, the condition of this road, of the curve, the embankment and the slope, and, trusting entirely to his horse to select the traveled part of the road, the plaintiff assumed the risk." This language is most appropriate to the case in hand.

In Winner v. Oakland Township, 158 Pa. 405, "A person who has knowledge of the dangerous condition of a public highway, and ventures to drive over it, assumes the risk of personal injuries resulting from the bad condition of the road."

In the present case, however, it is not alleged that the road was in bad condition, the charge of negligence against the town-

ship being based entirely upon the absence of a guard or barrier along the embankment. The plaintiff was traveling quietly along the road, just before the accident. It was so dark that prudence had suggested to him the necessity for a light. For some reason, the light went out. Obviously, the prudent thing for him to have done would have been, to stop immediately, and re-light the lantern. As he did not choose to do so, and, knowing the road as he did, he must be presumed to have taken the risk of his horses going over the embankment and falling down the slope. The accident could not have occurred had the horses not left the beaten track.

The first assignment of error is sustained, and the judgment .is reversed.