# Brophy, Appellant, *v.* Cleveland Township.

*Road law—Township roads—Maintenance of road.*

A township in a rural district is under no duty to keep its roads for the full width at which they are laid out, smooth, and safe and convenient for public travel. The rule applicable to streets in towns and cities does not apply to roads in the rural districts.

Argued April 8, 1912. Appeal, No. 251, Jan. T., 1911, by plaintiff, from judgment of C. P. Columbia Co., Feb. T., 1910, No. 24, on verdict for defendant in case of John Brophy v. Cleveland Township. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, P. J.

At the trial it appeared that the plaintiff was injured on May 12, 1909, while driving along one of the township roads. He claimed that his injuries were due to the fact that the township had not maintained a proper guard-rail along an embankment. The evidence for the defendant, although to some extent contradicted, tended to show that the road at the place of the accident was smooth, level and of sufficient width, and in a reasonably safe condition for ordinary public travel.

The court charged in part as follows:

"Streets and sidewalks in the built-up portions of towns and cities must be kept in a reasonably safe condition for public travel over their entire width, but this has never been held to be the rule as regards country roads. They are seldom, if ever, kept open and in repair from side to side. A sufficient portion thereof, usually in the center, sometimes at one side only, is kept in a smooth condition and safe and convenient for travel. The rest is often left dangerous by reason of ditches and obstructions of various kinds. The rule applicable to streets and sidewalks in cities and towns has never been applied to country roads and cannot be without serious injustice to the rural portions of the state. If it were required by law to open all township roads for the full width to which they have been laid out and to keep the entire width thereof in a smooth condition and safe and convenient for ordinary public travel, it would impose an unreasonable and undue burden upon many of the townships throughout the county."

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was portion of charge as above, quoting it.

*Fred Ikeler,* for appellant.

*C. E. Kreisher* and *W. H. Rhawn,* for appellee.

PER CURIAM, May 13, 1912:

The defendant was charged with negligence in failing to maintain a guard rail at the side of a township road in a rural district. The condition and width of the road and the topography of the land on its lower side, were matters of dispute at the trial. The witnesses, however, agreed that there was a smooth, level driveway, from twelve to sixteen feet in width between a bank on one side and a declivity on the other. The case was submitted to the jury with the instruction that it is the duty of township supervisors to keep the public roads at all times in reasonably safe condition for ordinary travel; to erect guard rails where they are required to insure safety and to remove obstructions and remedy defects that would naturally or probably cause injury and that a failure to do so is negligence for which a township is liable, but that a township in a rural district is under no duty to keep its roads for the full width at which they are laid out, smooth and safe and convenient for public travel, that they are seldom, if ever, kept open and in repair from side to side, and that the rule applicable to streets in towns and cities does not apply to roads in rural districts. This instruction is fully sustained by the decisions in Monongahela v. Fischer, 111 Pa. 9; Wall v. Pittsburgh, 205 Pa. 48; Emery v. Philadelphia, 208 Pa. 492, and other cases, and is not open to the objection urged in support of the only assignment of error that is insisted upon, that the jury was led to infer that dangers within the road as laid out, but outside of the traveled part, need not be guarded against.

The judgment is affirmed.