## Solida, Appellant, v. Brady Township.

*Negligence—Township roads—Bridge without guard-rail—Contributory negligence.*

In an action against a township to recover damages for personal injuries sustained when two wheels of plaintiff's buggy dropped over the side of an unguarded township bridge, a verdict for the defendant is properly directed, where the evidence shows that the bridge was in good condition, except that it had no guard-rail; that the accident happened on a dark night; that the plaintiff's lantern which had been lighted, was broken about a quarter of a mile from the bridge and could not be relighted; that plaintiff proceeded on his way in the darkness; that he had frequently driven over the road and knew that the bridge was without guard; that as he approached he heard the running water seven feet below; that he could not tell whether he was in the centre of the road or on the side of it; and that the horse was not trustworthy, as it was necessary for plaintiff to "guide him by the line."

Argued Oct. 27, 1915.    Appeal, No. 299, Oct. T., 1915, by plaintiff, from judgment of C. P. Clearfield Co., May T., 1915, No. 85, on verdict for defendant in case of William S. Solida v. Brady Township. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*A. L. Cole,* with him *Howard B. Hartswick,* for appellant, cited: Mellor v. Bridgeport, 191 Pa. 562; Wilson v. O'Hara Twp., 14 Pa. Superior Ct. 258; March v. Phœnixville Borough, 221 Pa. 64; Cousins v. Warren Borough, 54 Pa. Superior Ct. 136.

*W. C. Miller,* with him *E. G. Boose,* for appellee, cited: First Natl. Bank v. W. U. Tel. Co., 34 Pa. Superior Ct. 488; Crescent Twp. v. Anderson, 114 Pa. 643; Smith v. Philadelphia, 217 Pa. 118; Conrad v. Upper Augusta Twp., 200 Pa. 337.

OPINION BY KEPHART, J., December 20, 1915:

The plaintiff was injured when two wheels of his buggy dropped over the side of a bridge on a public road. The bridge and road were in good condition, except that the bridge had no guard-rails. The accident happened on a dark night and plaintiff's lantern, which had been lighted, was broken a quarter of a mile from the bridge and could not be re-lighted. He proceeded on his way in the darkness, trusting to his horse to keep the road. He had frequently driven over the road and knew that the bridge, without guards, was close by, and that his horse was not trustworthy, as it was necessary for him to "guide him by the line." "When I thought he was getting off to one side too far by looking ahead I pulled him over." He said he could not tell whether he was in the center of the road or on the side of it. As he reached the bridge he heard the running water seven feet below.

With this knowledge, plaintiff approached a dangerous place in the highway without attempting to ascertain his position with relation to it. Had he proceeded with the care and caution demanded by the circumstances he relates, he would have descended from his buggy and led his horse. This was not a trifling danger but, considering the character of the night and the manner in which his horse was traveling, it became serious and imminent, and it was his duty to use every precaution that his senses must have suggested. It is not the case of a traveler knowing of the defective condition of a highway through the absence of guard-rails who, before proceeding, examines the road, locates his team in the middle of the highway and proceeds on his journey, when his horse suddenly shies at some unknown objects and is thrown over the embankment, as in Wilson v. O'Hara, 14 Pa. Superior Ct. 258, nor is it the result of the failure to select another route, as this danger approached with care and prudence was not so great as to compel the selection of the safe route: Stokes v. Ralpho Township, 187 Pa. 333. It comes within the rule laid down in Mueller v. Ross Township, 152 Pa. 399, "It is not denied the road in question was safe for ordinary travel. There are few country roads that are safe at night when it is so dark that nothing can be seen. Knowing as he did the condition of this road, of the curve, the embankment, and the slope, and trusting entirely to his horses to select the traveled part of the road, the plaintiff assumed the risk. If he could not see he should have gotten out and led his horses. There are five senses to judge a man's conduct, and the exercise of some one of them would certainly have enabled the plaintiff to know where he was and to discover the embankment. As he elected to be guided by the one sense, which, under the circumstances, was of no use to him, he must be presumed to have taken the risk of his horses getting on the embankment, and falling down the slope." This was followed by Conrad v. Upper Augusta Township, 200 Pa. 337. The court below did

not commit error in refusing to take off the compulsory nonsuit. The assignments of error are overruled, and the judgment is affirmed.