## Stauffer, Appellant, *v.* Shenandoah Borough.

*Negligence—Boroughs—Unguarded wall along road—Contributory negligence.*

In an action against a borough to recover damages for personal injuries, and for injuries to a horse and buggy resulting from a fall over an unguarded wall on the side of a road, the plaintiff will be deemed to have been guilty of contributory negligence, and will not be entitled to recover, where it appears that the accident happened about six o'clock on the evening of a day late in June, that the plaintiff was perfectly familiar with the condition of the road and that the wall was unguarded, that just prior to the accident he had passed the dangerous part of the road, but a severe storm arising he turned back, and trusting to his horse to select the traveled part of the road, reached the exposed embankment where the accident happened.

Argued Dec. 9, 1915.    Appeal, No. 282, Oct. T., 1915, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1914, No. 347, on verdict for defendant n. o. v. in case of Aaron Stauffer v. Shenandoah Borough.    Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Trespass to recover damages for personal injuries, and for injuries to a horse and buggy.    Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff on which judgment was entered for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*E. P. Leuscher,* with him *C. C. Breisch,* for appellant.

*M. M. Burke,* with him *P. H. Burke,* for appellee.

OPINION BY KEPHART, J., April 17, 1916:

This is an action to recover damages caused by the plaintiff's horse and buggy going over the side of the wall along a road which leads from Shenandoah to Gilberton. The road at the place of the accident, while within the borough limits, was an ordinary country road of a sufficient width and in a proper condition to accommodate travel. The plaintiff was returning from his work in a closed buggy and while traveling along this highway about six o'clock on the evening of June 20, 1913, a severe storm arose. To avoid it he reversed his course that he might have the storm to his back and to seek shelter from the rain. He had proceeded on the return journey about one hundred feet when his carriage went down the embankment, which was unprotected by barriers of any kind, causing injuries to himself and his property. It is not disputed that the failure of the municipality to provide guard rails was negligent. The defendant successfully urged in the court below that the negligent conduct of the plaintiff precluded his recovery, hence this appeal.

A careful examination of the evidence convinces us that the court was not in error. The appellant had driven over this road for more than four years. His horse did not frighten or become unmanageable. He was entirely familiar with all the circumstances surrounding the place of the accident, which occurred in the bend of the road. A traveler just ahead of him had turned about to avoid driving into the storm and plaintiff acting on this suggestion did likewise. He describes the place where he turned his carriage with much care and pre-

cision and while he says it was dark, it is evident that there was sufficient light for him to observe not only the place where he turned around and the conditions there, but also the place where he was driving and the actions of his fellow traveler. The plaintiff does not pretend to say that he could not see. If he was able to see and voluntarily drove ahead he was bound to make use of his senses and observe the dangerous conditions, which he well knew existed, at the side of the road. "A person who has knowledge of the dangerous condition of a public highway, and ventures to drive over it, assumes the risk of personal injuries resulting from the bad condition of the road": Winner v. Oakland Township, 158 Pa. 405. Knowing as he did the condition of this road, of the curve, the embankment, and trusting entirely to his horse to select the traveled part of the road, the plaintiff assumed the risk. If he could not see he should have gotten out and led his horse: Mueller v. Ross Township, 152 Pa. 399; Conrad v. Upper Augusta Township, 200 Pa. 337; Solida v. Brady Township, 61 Pa. Superior Ct. 603.

The assignment of error is overruled, and the judgment is affirmed.