# Shuman, Appellant, v. North Union Township.

*Negligence—Townships—Roads—Defective road—Contributory negligence—Nonsuit—Failure to exercise senses—Warning—Notice.*

1. The driver of a wagon, or other vehicle, is required, at all times, in the exercise of due care, to make use of all his faculties when engaged in traveling along a public highway, to discover dangers. He must, at certain places pause to afford his faculties full play that he may better protect himself; when he has reason to suspect from the condition of the highway or an unusual disturbance of his vehicle, or team, that a danger exists, or something is wrong with the highway, it is his duty to stop his vehicle, and investigate. If, notwithstanding the warning given by the ordinary use of his faculties, or the condition of his vehicle, he persists in going forward, the municipality will not be liable for any injury that may befall him.

2. In such a case the plaintiff was guilty of contributory negligence, as he did not use his faculties as the law requires, either in looking, feeling or appreciating difficulties plainly patent to an

ordinary person. He should have seen the diverging roads and separating horses, and noticed the tilting of the wagon, and taken precautions accordingly.

Argued February 16, 1920. Appeal, No. 163, Jan. T., 1920, by plaintiff, from order of C. P. Schuylkill Co., Nov. T., 1918, No. 248, refusing to take off nonsuit in case of John A. Shuman v. North Union Township. Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ. Affirmed.

Trespass for personal injuries. Before Berger, J.

The facts are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*M. M. Burke,* with him *G. W. Moon,* for appellant.— The case was for the jury: Cohen v. P. & R. R. R., 211 Pa. 227; Muckinhaupt v. Erie R. R., 196 Pa. 213; Menner v. D. & H. Canal Co., 7 Pa. Superior Ct. 135; Musselman v. Hatfield Boro., 202 Pa. 489; Hugo v. R. R., 238 Pa. 594; Goff v. Phila., 214 Pa. 172; Sprowls v. Morris Twp., 179 Pa. 219; Hogan v. West Mahanoy Twp., 174 Pa. 352.

*Edmund D. Smith,* with him *Roy P. Hicks,* for appellee.—Plaintiff was guilty of contributory negligence: Myers v. B. & O. R. R., 150 Pa. 386; Coolbroth v. P. R. R., 209 Pa. 433; Baker v. West Moreland Nat. Gas Co., 157 Pa. 593; Warner v. Peoples St. Ry., 141 Pa. 615; Auberle v. McKeesport City, 179 Pa. 321; Fetterman v. Rush Twp., 28 Pa. Superior Ct. 77.

The facts of the case at bar are almost identical with those in Mueller v. Ross Twp., 152 Pa. 399; see also Conrad v. Augusta Twp., 200 Pa. 337.

OPINION BY MR. JUSTICE KEPHART, March 22, 1920:

Plaintiff, on a dark night, was traveling along a high-way with which he was familiar, and knew that improvements had recently been made thereon. Under his huckstering wagon, there was attached a lantern throwing its rays a sufficient distance ahead to locate the feet of the horses, the ground around them and some distance ahead of the team. As he drove along, he came to a place where the old road was being reconstructed by having its grade reduced. This was accomplished by building a new road parallel thereto and lower down. The new road fell off quite rapidly from the point of intersection with the old road, as the latter had a very steep grade,— at 30 feet from the intersection the difference in elevation was four feet or more. At the time of the accident, the work was about completed, and, on reaching the intersection of the roads, his horses, in selecting a road on which to travel, took different routes, one taking the high road and the other the lower road, and the wagon, traveling partly on the high road and partly on the lower road, reached a place where it fell over, injuring the plaintiff. There was no barrier at the intersection, though one had been placed a short distance from it; some witnesses place it at 19 feet, others at 30, but as there was sufficient space between the barrier and the top of the slope on which a horse might walk on the old road, the exact location of the barrier with relation to the junction is immaterial, under the circumstances. There is some dispute as to the place where the accident happened. This, too, is unimportant, assuming the evidence in its most favorable light to plaintiff. He was still guilty of contributory negligence. The driver of a wagon, or other vehicle, is required, at all times, in the exercise of due care, to make use of all his faculties when engaged in traveling along a public highway, to discover dangers. He must at certain places pause to afford his faculties full play that he may better protect himself; when he has reason to suspect, from the con-

dition of the highway or an unusual disturbance of his vehicle, or team, that a danger exists, or something is wrong with the highway, it is his duty to stop his vehicle and investigate. If, notwithstanding the warning given by the ordinary use of his faculties, or the condition of his vehicle, he persists in going forward, the municipal authorities will not be liable for any injury that may befall him. The law will not condone his failure to make use of the faculties nature gave him. When the evidence brings a case within these rules, plaintiff is adjudged as not acting as an ordinarily prudent person would act, and the law will leave him in the condition his careless acts place him. As plaintiff came to the intersection and looked ahead with the aid of the lantern, he could have seen the diverging roads, they being so close together and the elevation so acute; as the horses separated there, it was more pointedly brought to his attention. When he entered the two roads, he must have seen the one horse as it advanced rising above the other, first a foot, then two feet, and four feet, when it fell. If he did not see this, he must certainly have observed the other horse further down, for, if the rays of his lantern funished any light, as he says it did, one or the other of these conditions must have presented itself. If he failed to notice these conditions, at least he must have observed something wrong with the seat of his wagon; it began to tilt when it entered both roads, the one side going higher and higher, until one side was two or three feet higher than the other. The first few feet of the wagon's entry on the two roads should have developed the difficulty. Nothing was done to check his team, which was traveling very slowly, and if plaintiff knew of these conditions, as he certainly must have known, it was his duty to stop and investigate. He did not use his faculties as the law requires, either in looking, feeling, or appreciating difficulties plainly patent to an ordinary person. We need but call attention to the cases of Myers v. B. & O. R. R. Co., 150

Pa. 386; Warner v. Peoples St. Ry., 141 Pa. 615, 620; Auberle v. McKeesport, 179 Pa. 321, 325-6; Mueller v. Ross Twp., 152 Pa. 399, for a discussion of the several principles herein mentioned.

The judgment is affirmed.