# Frye *v.* Washington Township, Appellant.

*Negligence — Townships — Dangerous road — Ice and snow — Choice of two routes—Contributory negligence—Duty of supervisors—Guard rails—Proximate cause.*

1. It is the duty of supervisors of townships to keep the roads in their charge in reasonably good condition for travel, having in view their character, and the use to which there is reason for believing they will be subject.

2. Supervisors must provide guard rails to protect from obvious dangers; if they fail to do so, and loss occurs, the township is liable, providing of course that such neglect was the proximate

cause of the injury and the defendant is free from contributory negligence.

3. One who adopts a dangerous passageway, and rejects another comparatively safe, cannot recover where an accident occurs by reason of known defects.

4. Though ordinarily it is for the jury to say whether the risk was so apparent that, in the exercise of ordinary prudence, it should not have been undertaken, yet where the only conclusion from the undisputed facts is that the choice was inconsiderately and negligently made, it is the duty of the court to so declare.

5. Where a driver is informed that a road is dangerous by reason of its icy condition, yet persists in taking it, when he has another way open, he cannot recover for resulting injuries.

6. In such a case, where on approaching the portion of the road covered with ice, and seeing its condition, he persists in going forward and taking the risk, he is guilty of contributory negligence as a matter of law.

Argued October 3, 1927.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 99, March T., 1927, by defendant, from judgment of C. P. Indiana Co., March T., 1925, No. 485, on verdict for plaintiff, in case of George E. Frye v. Washington Township.   Reversed.

Trespass for personal injuries.   Before LANGHAM, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500.   Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*Geo. J. Feit,* of *Peelor & Feit,* with him *James W. Mack,* for appellant.—Where a person having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover: Haven v.

Bridge Co., 151 Pa. 620; Hill v. Twp., 146 Pa. 11; Clifton v. Williams, 69 Pa. Superior Ct. 163.

The driver of a wagon, or other vehicle, is required, at all times, in the exercise of due care, to make use of all his faculties when engaged in traveling along a public highway, to discover dangers: Shuman v. Twp., 267 Pa. 344.

*E. E. Creps,* with him *L. E. Miller,* for appellee.— Plaintiff cannot be convicted of contributory negligence in making use of the road in question: Wagner v. Rapid Transit Co., 252 Pa. 354; Steck v. Allegheny, 213 Pa. 573; Spencer v. Phila., 276 Pa. 310; Wolf v. Spencer, 282 Pa. 425.

OPINION BY MR. JUSTICE SADLER, November 28, 1927:

Frye, the plaintiff, brought this action to recover damages for injuries sustained on March 2, 1926, while driving on a public road in Washington Township, which municipality is defendant here. He was engaged in hauling coal from Brown's Mine, near Five Points, to the home of one Jamison in Plum Creek Township. From the former place, two highways led through Atwood on the way to his intended destination. The first, taken by plaintiff on the day of the accident, known as the Pine Hollow Road, was a little used by-way, passing largely through the woods, having but two houses along its route; the other passed over Fisher Hill, and required a drive longer by three-fourths of a mile. Plaintiff had been a resident of the district for fifty years, and was thoroughly acquainted with both highways, as well as the surrounding district. The former had at places considerable grades, but not more than found on ordinary township roads, while the latter, generally used by the public between the points in question, also had a hill with a steep ascent, and, on March 2d, was muddy and difficult of passage, a condition to be ex-

pected at that season of the year, where the foundation was of dirt.

Four or five weeks prior to the occurrence which gave rise to the present suit, plaintiff had driven over the Pine Hollow Road, and observed it was covered with ice at the point where the accident happened, and the alternately thawing and freezing weather had continued until he again attempted its passage. On the day in question, he loaded his wagon at the Brown Mine with more than a ton of coal. Before leaving, his attention was called by McSweeney and Ray to the dangerous condition of the road he proposed to use, because of the ice, and it was suggested that, if he intended to take the risk, he should secure log chains for his wagon, which could be gotten at the foreman's house a few rods distant. This conversation is not denied by the plaintiff. Stating that he had successfully gotten over the highway before, he followed the by-road taken on the previous occasion, rather than the usual thoroughfare, thus shortening the distance to be traversed.

When the curve was reached at the top of a hill, and before descending the grade beyond, he could plainly see the road in front, covered to its full width with a sheet of ice, for a distance of about forty feet, and not concealed by snow or dirt. Before proceeding farther, he brought his horses, which were gentle and tractable, almost to a stop, though not entirely, as he says could have been done. The road at this point was about sixteen feet in width, and insufficient for turning, according to his testimony. He did not unhitch his team, desiring not to leave the wagon standing, but preferred, as he testified, to take a "chance," and risk a passage. When his wagon entered on the ice it skidded, and at some distance overturned, the lower end, according to plaintiff's testimony, going over the bank, where he was thrown and injured. The horses remained on the highway, and the body of the conveyance was found upturned in the center.

The claim for damages was based on alleged negligence of the township in that it failed to maintain proper ditches along the road, as a result of which water overflowed and froze, creating the field of ice, and it was urged that the municipal authorities had constructive notice of the danger, since the like condition had existed for some weeks. It was further contended that no proper barriers had been erected along the lower side of the highway, so as to protect passing conveyances from going over the bank, and, had such guards been present, the accident would not have happened. It is undoubtedly the duty of the supervisors to keep the roads in their charge in reasonably good condition for travel, having in view their character, and the use to which there is reason for believing they will be subjected: Brendlinger v. New Hanover Twp., 148 Pa. 93; Shaw v. Plains Twp., 275 Pa. 289. The township officers must also provide guard rails to protect from obvious dangers: Winegardner v. Springfield Twp., 258 Pa. 496. If they fail to do so, and loss occurs, the municipality is liable, provided of course that the neglect complained of was the proximate cause of the injury (Yocum v. Bloomsburg Boro., 289 Pa. 512), and in the absence of proof of facts showing contributory negligence. In the present case, the question of the proper maintenance of the highway was submitted to the jury, which found for the plaintiff. Whether the evidence justified this conclusion need not be discussed, for we are convinced that, in any event, the plaintiff's lack of due care is so clearly apparent as to make necessary the entry of judgment for the township.

Binding instructions in favor of the defendant were asked because of the contributory negligence of Frye, as shown by his own testimony, but this question was submitted to the jury, and a subsequent motion for judgment n. o. v., after verdict for plaintiff, was dismissed. These rulings of the court below are assigned as error. If the controlling facts were in real controversy, the

question would properly be one for solution by a jury, but where uncontradicted as to the essential features, as here, the question became one of law for the court: Davis v. Wilkes-Barre, 286 Pa. 488. Even if the evidence had been such as to make necessary submission to triers, the fifth point presented by the defendant, and the subject of the second assignment of error, in which the court was requested to instruct the jury to find for the defendant, if certain facts therein set forth were found to be true, should have been affirmed. Further discussion of this ruling is not, however, required, since, in our view, defendant was entitled, under the evidence, to binding instructions.

It is first claimed that plaintiff had the choice of two ways to reach his destination, and failed to exercise due caution in proceeding through Pine Hollow. He had been warned of the danger in using the one selected. The other available road by Fisher Hill was three-fourths of a mile longer, and, in the spring season, muddy, and for that reason less easy to traverse than at other times. It was also necessary to ascend a hill, but the grades on the by-road were likewise steep. Knowing the situation, and the risk to be encountered, Frye followed the shorter road instead of the one usually followed by the traveling public in driving between Five Points and Atwood, and was injured. One who adopts a dangerous passageway and rejects another comparatively safe, cannot recover where an accident occurs by reason of known defects: Hill v. Tionesta Twp., 146 Pa. 11; Brendlinger v. New Hanover Twp., supra. Though ordinarily it is for the jury to say whether the risk was so apparent that, in the exercise of ordinary prudence, it should not have been undertaken (Stokes v. Ralpho Twp., 187 Pa. 333), yet where the only conclusion from the undisputed facts is that the choice was inconsiderately and negligently made, it is the duty of the court to so declare: Watts v. Plymouth Boro., 255 Pa. 185. In the present instance, plaintiff well knew, according to

his own testimony, that he was taking a "chance" when he pursued the course followed, and his attempt to drive his heavily loaded team over the Pine Hollow Road, when he had a safer way open, indicated such lack of due caution on his part as to bar any right of recovery for the injury sustained.

Even had the selection of the shorter by-road been justified, the conduct of plaintiff after continuing thereon shows a failure to exercise reasonable caution to insure safety. Frye, as already observed, was well acquainted with the highway over which he drove. When he traversed it four or five weeks previously it was covered with ice, and the weather in the meantime had been of freezing temperature. It clearly appeared that he was cognizant of the possibility of accident attending its use on the day in question, not denying in his testimony that this condition had been called to his attention by two witnesses who suggested the placing of log chains on his wagon, if he intended to drive in the direction pursued. This advice was disregarded because, as he stated, he had run the risk before and been able to get through on the previous occasion. When he reached the curve at the top of the hill on which the accident occurred, he could have stopped, according to his own story, at a point where the road was sixteen feet wide, and free from danger, but did not do so,—merely slowing down. At that place he had an unobstructed view of the sheet of ice extending for forty feet in front of him. Instead of coming to a standstill, he took a "chance" of passing over, when the danger in proceeding was apparent. It was his duty to observe the surrounding conditions as he drove, and exercise ordinary prudence to avoid threatened harm: Shuman v. North Union Twp., 267 Pa. 344; Mueller v. Ross Twp., 152 Pa. 399; Conrad v. Upper Augusta Twp., 200 Pa. 337. This was not a case where plaintiff found himself in a perilous position on the ice, and failed to exercise proper care in an attempt to extricate himself in the sudden

emergency, but one in which the injured party deliberately undertook a visible risk and the hazard of a favorable result.   Unfortunately, his attempt to cross was not successful, but he must abide by the natural consequences of his own lack of reasonable judgment.   The undisputed testimony shows the plaintiff in this case to have been guilty of contributory negligence, and it should have been so declared by the court below.

The judgment is reversed and here entered for defendant.