## Willetts et al. *v.* Butler Township (et al., Appellant).

Argued April 17, 1940. 

 Before K ELLER, P. J., C UNNINGHAM, B ALDRIGE, S TADTFELD, P ARKER, R HODES and H IRT, JJ. 

*Lee C. McCandless,* with him *William D. Markel,* for appellant.

*Willis A. MacDonald,* with him *A. E. Reiber,* for appellee.

O PINION BY H IRT, J., October 2, 1940:
This action in trespass brought by C. W. Willetts

and Gertrude E. Willetts, his wife, following injuries to the latter, resulted in a verdict of $1,591 for the husband and $250 for the wife. Defendant does not challenge the verdict in favor of the wife but assigns as error the refusal of the trial court to enter judgment for defendant n. o. v. as to the husband. Defendant's negligence and the contributory negligence of the husband plaintiff are the only questions properly raised.

Considering the testimony from the viewpoint of the plaintiff, as we must, the following material facts appear: Willetts and his wife lived on the Chicora Road five miles east of the City of Butler. About 8 P.M. on the evening of June 4, 1937, they were traveling in an automobile to the city; plaintiff husband was driving and the wife was a passenger. He followed Chicora Road, a paved State highway then known as route 68, to the outskirts of Butler to a point where the highway was closed because of repaving beyond the barrier. He then turned north on to a dirt road in Butler Township, connecting the State highway with a street paved with brick known as East Brady Street extension. This dirt road, a link between the two paved highways, was about 50 feet long and was subjected to the traffic of automobiles, busses and trucks, which were diverted from their usual course into Butler by the closing of the State highway. The surface of the dirt road was rough and was full of holes, and the grade of East Brady Street was five feet above the State highway. The township from time to time filled the holes in the road with ashes but futilely, because of erosion by surface water from the neighboring hillsides and the traffic over the road. In the dirt road, at its juncture with Brady Street, there was a hole twelve to fourteen inches deep and eight to twelve inches wide. This hole had been there for several months and during that period the dirt road, throughout its whole length, was rough and there were a number of lesser

depressions. On approaching Brady Street plaintiff's automobile was stopped with a jolt when the front wheels of the car dropped into the hole at the edge of the pavement; plaintiff's wife was thrown forward and was seriously injured.

The negligence of the township is clear. The rule applicable to the maintenance of streets in towns and cities does not apply to roads in rural districts but a township must provide a reasonably safe highway for usual and ordinary travel, *Brophy v. Cleveland Twp.*, 236 Pa. 426, 84 A. 822, and must repair dangerous holes, ruts, or other irregularities in the highway, with suitable material. During the period when the State highway was closed the traffic diverted over the dirt road was the usual travel.

Conceding that the township had constructive, if not actual notice of the dangerous condition of the roadway, it is contended that plaintiff's testimony does not unequivocally fix the place of the accident upon the township road. True, when plaintiff was first examined he referred to the hole which caused the damage, as located at the edge of the cement highway. Standing alone this testimony would place the scene of the accident within the limits of route 68, a State highway. But plaintiff, apparently confused by a map from which he was testifying, later corrected his testimony and definitely fixed the location of the hole, which caused the damage, on the township road at the top of the hill at its juncture with the brick pavement on Brady Street. No uncertainty is raised by the testimony as a whole as to the place of the accident upon the township road, but even if there were uncertainty, the case was for the jury, whose province it is to reconcile conflicting statements, and the verdict based upon a preponderance of the testimony charges the township with the negligence which caused the injury. *Ely v. Railway*, 158 Pa. 233, 27 A. 970. A court is without

power to enter judgment n. o. v. because of such inconsistency in the testimony. *Johnson v. Staples,* 135 Pa. Superior Ct. 274, 5 A. 2d 433.

We are of the opinion that the question of plaintiff's contributory negligence, also, was for the jury. Plaintiff was following his usual route in going to the City of Butler, and after the closing of the State highway, at the crossing, this convenient detour over the township road to another nearby highway was in constant and general use. The township road was used, not only by those who lived in the neighborhood, but was subjected to the through traffic which was diverted from route 68. There was no barricade across the township road nor any sign, warning the traveling public of its condition. This is unimportant so far as plaintiff is concerned for he used the road occasionally and knew of its general character. Because plaintiff had a general knowledge of the condition of the road, it is contended that he is chargeable with contributory negligence, particularly since he had a choice of two other routes into the City of Butler. A difficulty with this position is that neither of the other roads was an entirely safe way; on one of them there were two dangerous railway crossings at grade where a number of persons had been killed and the other road was narrow, with sharp curves and it would have been necessary to cross a dangerous intersection with another highway. Each of these other roads was a more circuitous route into the City of Butler and involved traveling a greater distance.

Certainly one who knows of a defect in a highway and voluntarily undertakes to test its danger when it could be avoided, cannot recover from the township. *Winner v. Oakland Twp.,* 158 Pa. 405, 27 A. 1110; *Frye v. Washington Twp.,* 291 Pa. 240, 139 A. 871. But even if it were possible for plaintiff to have driven his car to the city by a safer route, that fact alone would not

bar his recovery. "A person who uses a street or highway that is thrown open for public travel, knowing at the time that there is a safer route which he may take to reach his destination, is not necessarily guilty of negligence because he does not take the safer route. It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous, and therefore avoid it, that a trial court can say, as a matter of law, that the person using the more dangerous route is guilty of contributory negligence": *Mellor v. Bridgeport,* 191 Pa. 562, 43 A. 365. If one is injured in the use of a street known by him to be defective and the danger was imminent and immediate the court as a matter of law may declare him guilty of negligence but when the testimony shows defects of such character that the street can be used with safety by the exercise of reasonable care, notwithstanding its defective condition, the question of contributory negligence is for the jury. *Steck v. City of Allegheny,* 213 Pa. 573, 62 A. 1115.

This phase of the instant case is ruled by the above principles. The township road was familiar to plaintiff. He had driven over the road the day before, but had used another cartway in the highway. By exercising due care he had been able to use it with safety on numerous occasions and though he testified that there was a depression running entirely across the dirt road where it joined Brady Street there is no evidence that this depression was twelve to fourteen inches deep throughout its whole length or that plaintiff knew or should have known of the actual hole in the roadway which caused the injury. The fact that the road was in general use by others was a material fact bearing upon the question. At the time of the injury it was beginning to become dusk. Plaintiff did not need any lights on his automobile to see the roadway in front of him though his dim lights were on. He stopped his

automobile on leaving the concrete pavement and drove over the short stretch of dirt road with his car in low gear, traveling at the rate of but two or three miles an hour. The grade was up hill to Brady Street and though plaintiff testified that he could at all times see the roadway for a distance of five feet in front of him, he did not see the hole in the road, because of the upgrade, until it was too late to avoid it. Whether the risk, therefore, was so obvious that it should have been avoided and whether under all the circumstances plaintiff exercised due care were questions of fact for the jury. "The question of contributory negligence cannot be treated as one of law unless the facts and the inferences from them are free from doubt. If there is doubt as to either, the case is for the jury": *Coolbroth v. Penna. R. R. Co.,* 209 Pa. 433, 58 A. 808; *Schaut v. Boro. of St. Marys,* 141 Pa. Superior Ct. 388, 14 A. 2d 583.

The case is distinguished from *Bean v. Philadelphia,* 260 Pa. 278, 103 A. 727. In that case the plaintiff, who was injured in broad daylight by a defect in the highway which was easily observable, was denied recovery because of the presumption of negligence which followed from that factual situation. In the instant case plaintiff showed conditions outside of himself which prevented him from seeing the defect and whether he sufficiently excused his failure to observe the hole in the road became a question for the jury.

Judgment affirmed.